## MUTUAL SECURITY CO. v. UNITED STATES.

### No. 47864.

**United States Court of Claims.**

April 3, 1950.

Alfred Nelson, Piedmont, Cal., for plaintiff.

Carl Eardley, Washington, D.C., with whom was Assistant Attorney General H. G. Morison, for defendant.

Before JONES, Chief Judge, and HOWELL, MADDEN, WHITAKER and LITTLETON, Judges.

JONES, Chief Judge.

Plaintiff on November 3, 1924, leased from the defendant, through the Deparment of the Interior, a tract of land of approximately two acres in Yosemite National Park for the nominal rental of $1 per year for a period of not exceeding twenty years beginning January 1, 1925. The lease contract stipulated that plaintiff should erect and maintain on the site a building suitable for the use of the Post Office Department.

On February 14, 1925, the Post Office Department accepted a proposal of plaintiff made October 15, 1924, to lease the quarters to the defendant for post office purposes for a period of "twenty years, beginning January 1, 1925, or date of occupancy," at an annual rental of $5,400. It was agreed that at the end of the contract term the building should become the property of the Government.

On October 31, 1925, the plaintiff and defendant, acting through the Post Office Department, signed a contract by the terms of which the plaintiff leased to the defendant the building that had theretofore been constructed on the site. The defendant agreed to pay an annual rental of $5,400, payable quarterly, for a period of twenty years beginning March 15, 1925.

The building was constructed to the satisfaction of the defendant, was occupied by the defendant about March 15, 1925, and has been occupied continuously since that date.

The defendant paid the regular rentals until December 31, 1944, but refused to pay rent thereafter. Plaintiff sues for the amount of the regular rental payments for the period from January 1 to March 14, 1945, amounting to $1,106, covering the balance of the rent for the twenty-year period.

The claim was denied on the ground that while the post office contract did not expire

until March 14, 1945, the title to the building by the terms of the lease with the Department of the Interior vested in the defendant on December 31, 1945.

The plaintiff asserts that what the parties had termed rent had in reality been an agreed purchase price for the building which plaintiff had erected at its own cost and which was to be paid for over a twenty-year period at the rate of $5,400 per year.

We agree with plaintiff. When all of the contracts are read it is manifestly an agreement by which plaintiff was to construct a certain type building, which was to be paid for at the rate of $5,400 per year for twenty years and was to be the property of the Government. No other reasonable conclusion can be reached. The lease with the Department of the Interior covered two acres of ground and recited that plaintiff was to construct a building for the Post Office Department. The later contract with the Post Office Department clearly shows that the real purpose and intent was to construct a building which plaintiff was not to be privileged to use for any other purpose and which was to be paid for by what were termed rental payments at the rate of $5,400 per year for twenty years from January 1, 1925, *or the date of occupancy*. The plaintiff did not have or claim any interest in the building and the contracts forbade its using the property or assigning it to any one else for use other than by the Post Office Department.

It is true the Department of Interior lease was for a period of not exceeding twenty years, beginning January 1, 1925, but the contract with the Post Office Department was of later date and recited the obligation of that department. It did not condition its obligation on the terms of the Interior Department lease. Moreover, the lease of the land retained in the Secretary of the Interior the power of revocation. Surely if he had invoked that power at the end of five years no one would contend that such act would have canceled the obligation to make any further payments to plaintiff.

The defendant by shedding its Post Office clothes and donning its Interior garments does not change its identity. It is still the party which desired a post office building constructed according to certain specifications. Since the building was to be constructed on land which the defendant owned in the name of the Department of the Interior a lease was prepared to enable plaintiff to enter on that land and construct the building. The lease with the Department of the Interior had no other purpose. The later contract with the Post Office Department as the agent of the United States was the one which provided for the payment in the form of rent for the construction and maintenance of the building and stipulated the compensation. It did not condition the payments on the ownership of the land or the terms of the lease which plaintiff had with the Department of the Interior.

When the contracts are read as a whole, the over-all purpose becomes manifest, any seeming conflict disappears, and the obligation becomes clear. The two departments of government were working to a common purpose with a single objective. The plaintiff never had or asserted any right or title to the building at any time. It constructed it for a definite purpose and for a specified price which was to be paid over a twenty-year period.

With all the facts before it, the defendant on February 14, 1925, through the Post Office Department, signed a lease contract for $5,400 per year for twenty years from the date of occupancy. The land on which the building was constructed had been owned by the defendant at all times. Then, after the date of occupancy had become certain, the Post Office Department signed a confirmatory contract on October 1, 1925. It was signed "The United States of America, by John H. Bartlett, Acting Postmaster General" and recited the lease of the building for twenty years from March 15, 1925, at $5,400 per year. That obligation is not discharged until the twenty annual payments are fully made, which carried the obligation to March 14, 1945.

The plaintiff is entitled to recover the sum of $1,106.00.

It is so ordered.

HOWELL, MADDEN, WHITAKER and LITTLETON, Judges, concur.